## No. 4776.

### STATE ex rel. MRS. JANE D'ARCY v. JUDGE OF THE FOURTH DISTRICT COURT, Parish of Orleans, et als.

The question whether the relator in this case had, as owner of an urban lot of ground, the right to build a wall or fence on her own property for her own profit and convenience, involves a larger interest than the five hundred dollars damages claimed by her next neighbor as resulting from the erection of said wall or fence, and therefore a suspensive appeal lies to this court from a judgment rendered against relator. It is a question concerning the ownership of property and its enjoyment, and may involve the entire value of the property on which the wall or fence is built.

APPLICATION for writs of mandamus and prohibition directed to B. L. Lynch, Judge of the Fourth District Court, parish of Orleans. Cotton & Levy, for relator. B. L. Lynch, in propria persona. Richard Shackelford, for Andrew Parle.

MORGAN, J. The relator, it appears, is the owner of a house and lot of ground within the corporate limits of this city, in which she resides. Upon her own lot she caused a high fence to be erected, which prevents her house and premises from being overlooked by her neighbor, Parle. For exercising what she considered this act of ownership Parle brought suit against her for five hundred dollars damages, for which he had judgment. From this judgment the relator asked for an appeal to this court, which was refused, on the ground that the sum claimed in Parle's petition does not come within our appellate jurisdiction.

In our opinion the claim he presents is not one exclusively for an insignificant sum of money. It is the assertion of a right which concerns the ownership of property and its enjoyment. It is to be deci-

sive of the question whether or no the proprietor of a house can protect- himself and his family from public view, and their interior domestic- life from the, perhaps, impertinent overlooking of his neighbor;. whether he must have his family subjected to view the behavior of his neighbor in his own house, however scandalous such behavior may be, whenever they go to their windows, with the alternative of being completely blocked out from air and light; whether, in short, a man may enjoy in peace and comfort what he has acquired by toil.

It involves, also, the right of the owner to build a wall on his own property, for his own profit or convenience, without incurring the obligation of paying damages therefor. It may. indeed, and in many cases certainly would, involve the entire value of the property upon which the wall or fence is built.

When, therefore, Parle attacked Mrs. D'Arcy because she exercised this right, he put at issue something which involved a larger interest than five hundred dollars. In point of fact he set up a revolving claim for five hundred dollars, to be prosecuted against his neighbor as often as the first one should be satisfied, or as long as she prefers her privacy to his scrutiny. The 'rights of property, its use and enjoyments, are of too much consequence to be thus trifled with.

Let the rule be made peremptory.